# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **HAROLD L. WILSON,** | ) | **CASE NO. 4:07CV00539** |
| **Executor of the Estate of** | ) | |
| **Terry L. Wilson,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| V. | ) | |
| | ) | |
| **CITY OF WARREN, OHIO,** *et al.,* | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's Motion for Relief from Judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. # 27).

## I. PROCEDURAL BACKGROUND

The instant case arises out of the arrest of Terry L. Wilson ("Wilson")[1] at the Paris Café bar located in the City of Warren, Ohio, on February 27, 2006. (Dkt. # 1 at ¶ 10). Count I of Plaintiff's Complaint asserts a claim under 42 U.S.C. § 1983 against Officer Mark Hynes ("Officer Hynes"), Officer John Wilson ("Officer John"), and four unnamed Warren police officers in both their individual and official capacities, alleging a violation of Wilson's rights under the Fourth and Fourteenth Amendments. (Dkt. # 1 at ¶¶ 21-24). Count II asserts a claim of assault and battery against the individual Defendants. (Dkt. #

---

[1] On July 5, 2007, following Wilson's death, Harold L. Wilson, as executor of Wilson's estate, was substituted as Plaintiff. Terry Wilson's death was unrelated to the incident giving rise to the Complaint.

1

1 at ¶¶ 25-27). Count III asserts a claim under § 1983 against the City of Warren. (Dkt. # 1 at ¶¶ 28-34).

A case management conference was held on June 22, 2007, at which time the Court ordered all discovery stayed except that limited discovery was allowed where necessary to resolve the issue of qualified immunity. (Dkt. # 11). On August 1, 2007, Defendants Officer Hynes and Officer John filed a Motion for Summary Judgment seeking qualified immunity against Plaintiff's § 1983 claims. (Dkt. # 14). Plaintiff filed a Response in Opposition, and Defendants filed a Reply in Support of their Motion. (Dkt. # 15, 20). On October 31, 2007, the Court granted Defendants' Motion for Summary Judgment, finding that Defendants Officer Hynes and Officer John were entitled to qualified immunity against the § 1983 claims presented in Count I of Plaintiff's Complaint. (Dkt. # 21).

Plaintiff now seeks relief from the Court's grant of summary judgment on the issue of qualified immunity. In support of his Motion for Relief from Judgment, Plaintiff argues that relief is warranted under Rule 60(b) "on the grounds of newly discovered evidence and possible fraud." (Dkt. # 27). Defendants have filed a Memorandum in Opposition to Plaintiff's motion. (Dkt. # 31). In addition, Defendants have filed a Motion to Strike the affidavit of Plaintiff's counsel that is attached to Plaintiff's motion. (Dkt. # 30).

## II. LAW AND ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. The instant

2

motion seeks relief under Rule 60(b)(2) on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," and Rule 60(b)(3), based upon "fraud…misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b)(2), (b)(3).

In support of his request for relief based upon newly discovered evidence, Plaintiff alleges that a witness, John Salmon ("Salmon"), observed the arrest of Wilson and the events giving rise to the Complaint. (Dkt. # 27). According to Plaintiff, "Salmon declined to give a sworn statement to [Plaintiff's] counsel," and this refusal left Plaintiff unable to successfully oppose summary judgment. (Dkt. # 27). In the absence of a sworn statement or affidavit from Salmon, Plaintiff's counsel attached his own affidavit to Plaintiff's Rule 60(b) motion, describing counsel's alleged conversations with Salmon. (Dkt. # 27, Donlin Aff.).

To be entitled to relief under Rule 60(b)(2) based upon newly discovered evidence, the evidence the moving party seeks to introduce must have been previously unavailable such that it was not discoverable by due diligence prior to the judgment from which the party seeks relief. GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999); FED. R. CIV. P. 60(b)(2). Significantly, Plaintiff's counsel admits in his affidavit that he first spoke with Salmon prior to filing the Complaint in the instant matter, and that he tried unsuccessfully to obtain an affidavit from Salmon "for use in the summary judgment response of plaintiff." (Dkt. # 27, Donlin Aff.). These facts preclude a finding that Salmon's eyewitness account of the arrest is "newly discovered evidence." Not only was the evidence discoverable prior to the Court's grant

3

of summary judgment, Plaintiff's counsel was in contact with Salmon even prior to filing the Complaint. (Dkt. # 27, Donlin Aff.). The fact that Plaintiff's counsel was unable to procure Salmon's sworn statement or testimony, which could have been done by subpoena, before responding to Defendants' Motion for Summary Judgment does not make the evidence Salmon might provide "newly discovered." Therefore, Plaintiff is not entitled to relief from judgment under Rule 60(b)(2) based upon newly discovered evidence.

Plaintiff also argues that he is entitled to relief from judgment based upon "possible fraud." (Dkt. # 27). The Sixth Circuit has interpreted the term "fraud" in the Rule 60(b)(3) context to mean "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material." Jordan v. Paccar, Inc., 97 F.3d 1452, *6 (6th Cir. 1996). To be entitled to relief under Rule 60(b)(3), a moving party is "required to show by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct." Crehore v. United States, 2007 WL 3244045, *2 (6th Cir. 2007).

Plaintiff has provided no evidence to support an argument that Defendants made any material omissions or provided any misleading information to the Court in obtaining summary judgment. Instead, Plaintiff alleges that Defendant police officers intimidated Salmon to prevent him from providing a statement, which Plaintiff may have used in opposition to Defendants' motion for summary judgment. Again, Plaintiff's sole support for this allegation is the affidavit of Plaintiff's counsel, in which counsel relays statements allegedly made to him by Salmon. Even if the Court were to determine that

4

counsel's affidavit is admissible, Plaintiff's allegations are insufficient to show the type of fraud or misrepresentation to which Rule 60(b)(3) applies. Therefore, Plaintiff is not entitled to relief from judgment, as he has provided no basis for the court to find fraud on the part of Defendants sufficient to satisfy Rule 60(b)(3).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b) Motion for Relief from Judgment is **DENIED**. (Dkt. # 27). Additionally, Defendants' Motion to Strike the Affidavit of Attorney Patrick J. Donlin is **DENIED as MOOT**. (Dkt. # 30).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – January 23, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**