UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HAROLD L. WILSON,** | ) | **CASE NO. 4:07CV00539** |
| **Executor of the Estate of** | ) | |
| **Terry L. Wilson,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITY OF WARREN, OHIO,** *et al.,* | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |
| | ) | |

This matter is before the Court upon Defendants' Motion for Summary Judgment on Plaintiff's Remaining Federal and State Law Claims. (Dkt. # 22).

**I. BACKGROUND**

The Court hereby incorporates the facts set forth in its Order of October 31, 2007, granting Defendants' Motion for Summary Judgment on the issue of qualified immunity and dismissing Count I of Plaintiff's Complaint, (Dkt. # 21), as well as those set forth in the Court's Order of January 23, 2008, denying Plaintiff's Motion for Relief from Judgment, (Dkt. # 36).

Plaintiff filed a Response in Opposition to the instant Motion for Summary Judgment. (Dkt. # 33). Defendants then filed a Reply. (Dkt. # 35).

1

**II. LAW AND ARGUMENT**

Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. Id. at 323. Once that burden has been met, the non-moving party may not rest upon the allegations set forth in his Complaint. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Rather, he must present some significant probative evidence in support of his allegations. Id. "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968)). "The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson, 477 U.S. at 250).

**A. Plaintiff's State Law Assault and Battery Claim**

Count II of Plaintiff's Complaint asserts a claim for assault and battery under Ohio law against Officer Mark Hynes, Officer John Wilson, and four unnamed Warren police officers (collectively, "the individual Defendants"). (Dkt. # 1 at ¶¶ 25-27). The state law claims stem from the same set of facts that gave rise to Plaintiff's claim against the individual Defendants under 42 U.S.C. § 1983. On October 31, 2007, the Court granted qualified immunity to the individual Defendants against Plaintiff's § 1983 claim, finding that Terry Wilson's ("Wilson") constitutional rights were not violated by the circumstances of his February 27, 2006, arrest at the Paris Café bar. (Dkt. # 21).

Under Ohio law, an officer acting in his official capacity in making a lawful arrest is immune from liability for injuries to the arrestee unless his actions were "manifestly outside the scope of the [officer's] employment or official responsibilities," or were performed "with malicious purpose, in bad faith, or in a wanton or reckless manner." OHIO REV. CODE § 2744.03(A)(6); see also Baker v. City of Hamilton, Ohio, 471 F.3d 601, 609-610 (6th Cir. 2003). When an officer uses force lawfully in making an arrest, as the individual Defendants did in arresting Wilson, it is in the exercise of a government function. Schweder v. Baratko, 143 N.E.2d 486, 489 (Ohio App. 1957). Only where excessive force clearly beyond that needed to make the arrest is used can such force give rise to liability for assault and battery. Id.

This Court previously determined that the individual Defendants did not violate Wilson's constitutional rights against excessive force in making the arrest at the Paris Café on February 27, 2006. See (Dkt. # 21). Furthermore, the officers were responding

3

to a call regarding a disorderly patron at the Paris Café when they encountered Wilson and arrested him. Thus, the individual Defendants' actions were performed in their official capacities as law enforcement officers, and were clearly within the scope of their employment. Therefore, the officers are not liable for assault and battery against Wilson. Plaintiff's claim against the individual Defendants under Count II for assault and battery fails as a matter of law.

### B. Plaintiff's Monell Claim

Count III of Plaintiff's Complaint asserts a § 1983 claim against the City of Warren under Monell v. Department of Social Services, 436 U.S. 658 (1978). (Dkt. # 1 at ¶¶ 28-34). Plaintiff alleges that the City of Warren is liable for the allegedly unconstitutional acts of the individual Defendants, as well as for the city's inadequate customs and policies regarding police misconduct, training, and supervision, which allegedly caused Wilson's constitutional rights to be violated. (Dkt. # 1 at ¶¶ 28-34).

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. Monell, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. In order to ensure that a municipality is only held liable for the constitutional violations it actually causes, liability under § 1983 requires that the official policy is "the moving force of the constitutional violation." Id. at 694.

Where, as in the instant case, it has already been determined that no constitutional violation occurred, a municipality cannot be held liable. Los Angeles v. Heller, 475 U.S. 796, 799 (1986). The City of Warren was sued because its policies and customs "were the cause of the violations of [Wilson's] rights." (Dkt. # 1 at ¶ 34). As there was no violation of Wilson's rights, it is inconceivable that the City of Warren could be liable to Plaintiff under Monell. See Id. at 799. Therefore, no genuine issue of fact exists as to the city's liability under Count III, and summary judgment is appropriate.

### C. Plaintiff's Response

In his Response to Defendants' Motion, Plaintiff raises several grounds for denying summary judgment. First, Plaintiff asserts that "reasonable minds can differ on the issue of whether the force used to arrest Mr. Wilson was objectively reasonable." (Dkt. # 33). Because the Court has already decided the question of whether the individual Defendants violated Wilson's constitutional rights against excessive force, Plaintiff's attempt to revive a genuine issue of material fact on the issue is unavailing. See (Dkt. # 21).

Plaintiff also alleges that "[D]efendants have failed and refused to provide the voluntary discovery required by the Court Rules, and particularly they have failed and refused to provide the video/audio recording from the dash camera of the police cruiser." (Dkt. # 33). In its Order of June 22, 2007, the Court ordered all discovery stayed, "except that limited discovery may be conducted where necessary to resolve the issue of qualified immunity." (Dkt. # 11). The Court further stated that "[i]n determining whether limited discovery is necessary, the Court requires that the request be presented in writing to the

5

Court and comply with the terms of Rule 56 (f) of the Federal Rules of Civil Procedure." (Dkt. # 11). Plaintiff has presented no written requests for discovery. Having failed to do so in the nine months since the Court's order, Plaintiff cannot now raise the difficulty of obtaining discovery as a ground for denying summary judgment.

Finally, Plaintiff argues that "the Court should deny the [sic] summary judgment because the Court is now aware that there is newly discovered evidence of intimidation of witnesses, contained in the Rule 60 Motion for Relief filed by plaintiff as to the prior summary judgment first rendered by the Court." (Dkt. # 33). In its order dated January 23, 2008, the Court found that the evidence offered by Plaintiff was not newly discovered, in that it was in fact known to Plaintiff and could have been presented in opposition to Defendants' first motion for summary judgment. (Dkt. # 36). The Court finds no reason to reconsider that determination for purposes of the instant motion.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on Plaintiff's Remaining Federal and State Law Claims is hereby **GRANTED**. (Dkt. # 22). Judgment is entered in favor of Defendants.

**IT IS SO ORDERED.**

> **/s/ Peter C. Economus – March 18, 2008**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**